**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PERSONAL IMAGE, PC, *Attorney in Fact for T.R.*, <br><br> *Plaintiff*, <br><br> v. <br><br> TECH BRIEFS MEDIA GROUP MEDICAL PLAN, SAE INTERNATIONAL CO., JOHN DOE (1-100), and XYZ CORP. (1-100), <br><br> *Defendants*. | Civil Action No. 20-3747 (JMV) (MF) <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this case, Plaintiff alleges that Defendants failed to adequately reimburse Plaintiff for surgical services on T.R. Defendants are the sponsors of T.R.'s of health benefits plan, which is governed by the Employee Retirement Income and Security Act of 1974 ("ERISA"). Presently before the Court is Defendants Tech Briefs Media Group Medical Plan and Sae International Company's motion to dismiss Plaintiff's Complaint. The Court reviewed all the submissions in support and in opposition and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).[1] For the reasons discussed below, the motion to dismiss is **GRANTED.**

---

[1] Defendants' brief in support of their motion to dismiss will be referred to as "Def. Br.," D.E. 4-2. Plaintiff's opposition brief will be referred to as "Pl. Opp.," D.E. 7. Defendants' reply brief will be referred to as "Def. Reply," D.E. 8.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[2]

Plaintiff Personal Image, PC "is a New Jersey Professional Corporation engaged in the private practice of medicine and surgery." Compl. ¶ 1. T.R. is insured by Defendants' medical plan (the "Plan"), under which T.R. is eligible and entitled to benefits. *Id.* ¶ 7. The Complaint alleges that Plaintiff "is the true and lawful Attorney in Fact for T.R." *Id.* ¶ 2. Defendants are "the Plan Sponsor of a self-funded employee welfare benefits plan within the meaning of [ERISA] which provides its beneficiaries, member(s) and/or insured(s) certain health and welfare benefits in the State of New Jersey." *Id.* ¶ 3.

Plaintiff alleges that Defendants failed to properly reimburse it for providing "medically necessary, reasonable, and valuable surgical services" to T.R. on March 31, 2014 and April 1, 2014; the services are described as "emergency plastic[] surgery services." *Id.* ¶¶ 5, 6. After the surgeries,, Plaintiff submitted claim forms to Defendants for reimbursement of T.R.'s procedures. *Id.* ¶ 8. Plaintiff then exhausted the administrative appeals process maintained by Defendants' Plan. Plaintiff indicates that it has not received proper reimbursement according to the terms and conditions of the Plan. *Id.* ¶¶ 9, 10.

As an exhibit to the Complaint, Plaintiffs attached an "Assignment of Benefits & Ltd. Power of Attorney," signed by T.R. D.E. 1-1 at 10. Pursuant to this document, T.R. states that "I

---

[2] The factual background is taken from the Complaint ("Compl."), D.E. 1-1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Moreover, in deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). As a result, the Court also considers the document attached to the Complaint.

irrevocably assign to [Personal Image, P.C.], my medical provider, all of my rights and benefits under my insurance contract/ERISA plan for payment for services rendered to me." D.E. 1-1 at 10. The agreement authorizes Plaintiff to file "arbitration/litigation in [its] name on [T.R.'s] behalf against the . . . ERISA Plan," and "to retain an attorney of [its] choice on [T.R.'s] behalf" for bill collection. *Id.* The agreement continues as follows:

> In the event the insurance carrier/ERISA plan responsible for making medical payments in this matter does not accept my assignment, or my assignment is challenged or deemed invalid, I execute this limited/special power of attorney and appoint and authorize your collection attorney as my agent and attorney to collect payment for your medical services directly against the insurance carrier/ERISA plan in this case, in my name, including filing an arbitration demand or lawsuit.

*Id.* The agreement further authorizes Plaintiff to directly collect payment from the Plan for any monies owed for services rendered to T.R. *Id.* Additionally, it states that "[c]onsistent with 29 C.F.R. § 2560.5031(b)(4), I hereby designate and appoint Personal Image, P.C. as my authorized representative to act for and on my behalf in pursuing any and all benefit claims I may have or be entitled to," and empowers Plaintiff "to appeal any adverse benefit determinations relating to the services" it has or will render. *Id.*

Plaintiff initially filed suit against Defendants in the Superior Court of New Jersey, Law Division, Bergen County on February 19, 2020. D.E. 1-1. The Complaint alleges one Count against Defendants, pursuant to 29 U.S.C. § 1132(a)(1)(b), seeking enforcement of a plan benefit in the amount of $58,418.37. Compl. ¶¶ 12, 14-20. Defendants timely removed this action to this Court on April 7, 2020. D.E. 1. Defendants then filed the present motion to dismiss. D.E. 4. Plaintiff filed a brief in opposition, D.E. 7, to which Defendants replied, D.E. 8.

3

## II.     STANDARD OF REVIEW

Defendants argue that Plaintiff lacks standing.  While motions for lack of standing are typically governed by Federal Rule of Civil Procedure 12(b)(1), when the "statutory limitations to sue are non-jurisdictional, such as when a party claims derivative standing to sue under ERISA § 502(a), a motion challenging such standing is 'properly filed under Rule 12(b)(6).'" *Enlightened Sols., LLC v. United Behavioral Health*, No. 18-6672, 2018 WL 6381883, at *2 (quoting *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.* 801 F.3d 369, 371 n.3 (3d Cir. 2015)).

Rule 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]"  To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If,

after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.   ANALYSIS

Defendants argue that Plaintiff lacks independent standing to bring its ERISA claim because Plaintiff is not a beneficiary of the Plan. Def. Br. at 4. Although Plaintiff claims to be the "Attorney in Fact for T.R.," Defendants argue this assertion fails because (1) the power of attorney is invalid as a matter of law; (2) even if valid, the power of attorney does not appoint Plaintiff as the attorney-in-fact; and (3) under New Jersey law, a medical practice cannot be an attorney-in-fact. *Id.* Defendants add that Plaintiff "does not have, and cannot obtain, standing through assignment" because the Plan contains an enforceable anti-assignment provision." *Id.* at 4.

"Generally, only a participant or beneficiary under the plan has standing to bring an ERISA claim" and a healthcare provider (like Plaintiff) is neither. *E. Coast Advanced Plastic Surgery v. Aetna Inc.*, No. 18-9429, 2019 WL 2223942, *3 (D.N.J. May 23, 2019) (citing *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004)). Although a healthcare provider lacks independent standing, "a valid assignment of benefits by a plan participant or beneficiary transfers to such a provider both the insured's right to payment under a plan and his right to sue for that payment." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018).

Here, the Plan contains an anti-assignment provision,[3] which provides as follows:

> No benefit, right or interest of any Participant, Spouse, Dependent or Beneficiary under the Plan shall be subject to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge, seizure, attachment or legal, equitable or other process, or be liable for, or subject to, the debts, liabilities or other obligations of such person, except as otherwise required by law or, in the case of assignments, as permitted under the terms of a Welfare Program.

D.E. 4-3. "[A]nti-assignment clauses in ERISA-governed health insurance plans are enforceable," *Am. Orthopedic*, 890 F.3d at 448, and Plaintiff does not contend that the anti-assignment provision is invalid. Rather, Plaintiff asserts that, pursuant to *American Orthopedics*, an anti-assignment clause cannot void the power of attorney. Pl. Opp. at 4.

In *American Orthopedic*, the Third Circuit explained that "[a]ssignments and powers of attorney differ in important respects with distinct consequences for the power of a plan trustee to contractually bind an insured." *Id.* at 454. The Circuit found that an assignment transfers claim ownership to the assignee and provides standing to sue; a plan trustee can limit assignments because the parties have "power to limit the rights created by the agreement" by "restrict[ing] ownership interest to particular holders." *Id.* at 454-55 (internal quotation omitted). Unlike an assignment, the Circuit continued, a power of attorney "does not transfer an ownership interest in the claim." *Id.* (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108

---

[3] Defendants attached a copy of relevant portions of the SAE Welfare Benefit Plan as an exhibit to their motion to dismiss. D.E. 4-3. As noted, in deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit*, 998 F.2d at 1196. However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* Here, the Plan is at the center of the current matter and is authentic so the Court considers in connection with the current motion.

(2d Cir. 2008)).  Instead, it "simply confers on the agent the authority to act on behalf of the principal."  *Id.* at 455 (internal quotation omitted).  The Circuit ruled that the anti-assignment provision in *American Orthopedic* prevented the plan beneficiary from transferring the interest in his claim but also determined that the provision did not prevent him from granting a valid power of attorney.  *Id.*  The *American Orthopedic* court explained that an insured can maintain ownership of his claim and "confer on his agent the authority to assert that claim on his behalf" through a power of attorney.  *Id.*  The Circuit concluded that an "anti-assignment clause no more has power to strip [the medical provider] of its ability to act as [the patient's] agent than it does to strip [the patient] of his own interest in his claim."  *Id.*

Defendants do not appear to contest that an anti-assignment provision does not void a power of attorney but instead argue that the power of attorney T.R. signed is invalid.  Def. Br. 5-7.  Defendants first argue that the power of attorney here is "invalid as a matter of law" because it fails to comply with New Jersey's requirements for a valid power of attorney.  *Id.* at 5.  New Jersey's power of attorney statute provides that "[a] power of attorney must be in writing, duly signed and acknowledged in the manner set forth in R.S. 46:14-2.1."  *Id.* § 46:2B-8.9.  R.S.46:14-2.1 requires that the power of attorney's maker appear before an officer and acknowledge the power of attorney's execution was the maker's own act.  N.J. Stat. Ann. § 46:14-2.1(a).  The officer observing the acknowledgement must sign a certificate "stating that acknowledgement or proof" and must include other details, like the officer's name and title, the date, and that the "officer was satisfied that the person who made the acknowledgement or proof was the maker of or the witness to the instrument."  *Id.* § 46:14-2(c).  Here, the "Assignment of Benefits and Ltd. Power of

7

Attorney" does not satisfy these requirements. *See* D.E. 1-1 at 15. While it appears that T.R. signed the written instrument, there is no officer acknowledgment.[4] *See id.*

Defendants further contend that "under the purported Assignment/POA, Plaintiff is not even the appointed attorney-in-fact, nor could it be as a matter of law," and that "the alleged 'power of attorney' appears to be nothing more than an attempt to circumvent an anti-assignment provision for the medical practice's own benefit[.]" Pl. Br. at 6. The power of attorney states that "I . . . appoint and authorize *your collection attorney* as my agent and attorney to collect payment for your medical services directly against the insurance carrier/ERISA plan[.]" D.E. 1-1 at 14 (emphasis added). Based on this language, it does not appear that Plaintiff was named as T.R.'s attorney-in-fact; instead, it designates an unnamed collection attorney as such. Additionally, under New Jersey's power of attorney laws, only an "individual or individuals or a qualified bank" can be authorized to act as a principal's attorney-in-fact. *Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2020 WL 1983693, *7 (D.N.J. Apr. 27, 2020) (quoting N.J. Stat. Ann. § 46:2B-8.2(a)). Plaintiff is a corporation rather than an individual or qualified bank.[5]

Finally, Defendants argue that the Complaint should be dismissed with prejudice because "Plaintiff cannot obtain standing through assignment based on the explicit terms of the Plan," and "Plaintiff does not have, and cannot obtain as a matter of law, a valid power of attorney." Def. Br. at 8. In response, Plaintiff requests leave to amend the Complaint should the Court find any

---

[4] In addition, the "dated" line next to T.R.'s signature is blank.

[5] The document also fails to function as a typical power of attorney because Plaintiff seeks to collect payment from T.R.'s insurance company, and "not to act on [T.R.'s] behalf in a broader capacity to encompass other ERISA-based claims that are not barred by the anti-assignment clause." *Enlightened Sols.*, 2018 WL 6381883, at *16-17.

8

defects. Def. Opp. At 4-5. The Court agrees that an amendment, at least based on Plaintiff's current legal theory, appears futile. Nevertheless, the Court will provide Plaintiff with an opportunity to file an amended complaint that cures the deficiencies noted herein.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. The dismissal is without prejudice, and Plaintiff is granted an opportunity to file an amended complaint consistent with this Opinion. Plaintiff must file the amended complaint within thirty (30) days or this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: February 10, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.